JS 44  (Rev. 01/29/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Emily Wu, Rongqiang Chen, Si Wei Chen, Xu Ben Kun, George Chan, Benjamin Chan, Suet Man Chan,

**(b)** County of Residence of First Listed Plaintiff **Queens**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael Cassell, Hogan & Cassell, LLP, 500 North Broadway, Suite 153, Jericho, New York 11753, 516-942-4700

## DEFENDANTS

Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, et al.

County of Residence of First Listed Defendant **Queens**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine      Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -  ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | Other    ☐ 555 Prison Condition | Actions | | |
| | ☐ 448 Education    ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201, et seq.

Brief description of cause:
Failure to pay proper wages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____  DOCKET NUMBER _____

DATE  3/5/18

SIGNATURE OF ATTORNEY OF RECORD  *Mil Cull*

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, Michael Cassell _____, counsel for Plaintiffs _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [✔] monetary damages sought are in excess of $150,000, exclusive of interest and costs,
- [ ] the complaint seeks injunctive relief,
- [ ] the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

None.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?       [ ] Yes     [✔] No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?       [ ] Yes     [✔] No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?       [✔] Yes     [ ] No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____ [ ] Yes     [ ] No _____
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

[✔] Yes        [ ] No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

[ ] Yes     (If yes, please explain     [✔] No

I certify the accuracy of all information provided above.

Signature: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

EMILY WU, RONGQIANG CHEN,                                    Case No.: _____
SI WEI CHEN, XU BEN KUN, GEORGE CHAN,
BENJAMIN CHAN, SUET MAN CHAN,
individually and on behalf of those similarly situated,

                    Plaintiffs,                              **COMPLAINT AND
                                                            JURY DEMAND**

          -against-

FLUSHING REGENT HOTEL, FLUSHING
INTERNATIONAL HOTEL, INC., QUEENS
BLOSSOM CORP., 35 AVENUE MANAGEMENT,
INC., THOMAS HUANG, ALICE HUANG,
HENRY HUANG, LINH HUANG,
JOHN HUANG, TIFFANY HUANG
and JOHN DOES #1-10,

                    Defendants.
------------------------------------------------------------------X

    Plaintiffs, Emily Wu, Rongqiang Chen, Si Wei Chen, Xu Ben Kun, George Chan,

Benjamin Chan and Suet Man Chan (collectively "Plaintiffs"), individually and on behalf of

those similarly situated, by and through their attorneys, Hogan & Cassell, LLP, allege against the

defendants, Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35

Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John

Huang, Tiffany Huang and John Does #1-10 (collectively "Defendants"), as follows:

## NATURE OF ACTION

    1.    This is a civil action brought by Plaintiffs and similar employees under the Fair

Labor Standards Act, 29 U.S.C. Chapter 8 (§ 201, et seq.) ("FLSA") and New York Labor Law

("NYLL") to recover damages for regular and overtimes wages, spread of hours wages and

violations of notice/recordkeeping requirements.    Plaintiffs worked at the Flushing Regent

Hotel (the "Hotel"), which was owned, controlled and operated by Defendants, who each failed

to compensate Plaintiffs for minimum wages, overtime wages and spread of hours wages and further failed to comply with the notice/recordkeeping requirements mandated by law.    In addition, Defendants failed to properly pay Plaintiffs for their time working as Fire Safety Directors.

2.      Plaintiffs allege pursuant to the FLSA that they are:  1) entitled to unpaid minimum wages from Defendants for work that they did not receive minimum wages and/or overtime premium pay, as required by law; and 2) entitled to liquidated damages pursuant to FLSA 29 U.S.C. §§ 201, et seq.

3.      Plaintiffs further complain that they are entitled to back wages from Defendants for unpaid regular wages, minimum wages and/or overtime wages and spread of hour wages, as required by the NYLL §§ 650, et seq., and the supporting New York State Department of Labor regulations.

4.      Plaintiffs further complain on behalf of themselves and similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 and/or pursuant to 29 U.S.C. § 216(b), that they are entitled to damages for violations of the New York Wage Theft Prevention Act.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 216(b), 217, 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because a substantial part of the events or omissions that gave rise to the claims herein occurred within the Eastern District of New York.   Defendants operated their business in the Eastern

District of New York during the relevant time period.

## THE PARTIES

7.    Plaintiff Emily Wu ("Wu") is an adult individual residing in Queens County, New York.

8.    Plaintiff Rongqiang Chen ("R. Chen") is an adult individual residing in Queens County, New York.

9.    Plaintiff Si Wei Chen ("S. Chen") is an adult individual residing in Queens County, New York.

10.    Plaintiff Xu Ben Kun ("Kun") is an adult individual residing in Queens County, New York.

11.    Plaintiff George Chan ("G. Chan") is an adult individual residing in Queens County, New York.

12.    Plaintiff Benjamin Chan ("B. Chan") is an adult individual residing in Queens County, New York.

13.    Plaintiff Suet Man Chan ("S. Chan") is an adult individual residing in Queens County, New York.

14.    Upon information and belief, Flushing Regent Hotel (i.e. the Hotel) is a New York corporation with principal place of business at 134-32 35th Avenue, Flushing, New York 11354.

15.    Upon information and belief, Flushing International Hotel, Inc. ("Flushing, Inc.") is a New York corporation with principal place of business at 134-32 35th Avenue, Flushing, New York 11354.

16.    Upon information and belief, Queens Blossom Corp. ("Queens Blossom") is a

3

New York corporation with principal place of business at 134-32 35th Avenue, Flushing, New York 11354.

17.    Upon information and belief, 35 Avenue Management, Inc. ("35 Ave. Management") is a New York corporation with principal place of business at 36-09 Main Street, Suite 3A, Flushing, New York 11354 (the Hotel, Flushing, Inc., Queens Blossom and 35 Ave. Management will collectively be referred to as the "Corporate Defendants").

18.    Upon information and belief, Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang are individuals residing at 3 Tennis Place, Forest Hills, New York 11375 (collectively referred to as the "Individual Defendants").    Upon information and belief, Henry Huang, John Huang and Tiffany Huang are the children of Thomas Huang and Alice Huang.

19.    Upon information and belief, the Individual Defendants are the owners, officers, directors and/or managing agents of the Corporate Defendants, who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law and are jointly and severally liable with the Corporate Defendants.

20.    Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law and are jointly and severally liable with the Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who were formerly employed by Defendants at the Hotel at any time for at least the period within six years of the date of the filing of this action to the entry of judgment in this case (the "Collective Action Period") (period tolled for failure to post notice indicating employees are entitled to minimum wages and overtime and for concealing violations and employees' rights under FLSA), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

22.     This collective action class is so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least 40 such persons during the Collective Action Period, most of whom would not be likely to file individual suits because they lack the adequate financial resources, access to attorneys or knowledge of their claims.

23.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law.   Plaintiffs have no interests that are contrary to or in conflict with members of this collective action.

24.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.   In addition, since the damages suffered by individual Collective Action Members may be relatively small,

the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.    There will be no difficulty in the management of this action as a collective action.

25.    Questions of law and fact common to the members of the collective action predominate over questions that may affect individual members because Defendants have acted on grounds generally applicable to all members.    Among the common questions of law and fact common to Plaintiffs and the Collective Action Members are:

a.    whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain accurate time records;

d.    whether Defendants had a policy whereby they failed to pay Plaintiffs and the Collective Action Members for worked performed before and/or after they "clocked in";

e.    whether Defendants had a policy whereby they failed to properly pay Plaintiffs and the Collective Action Members for performing services as Fire Safety Directors;

f.    whether Defendants had a policy whereby they failed to pay Plaintiffs and the Collective Action Members the appropriate spread of hour wages for times when Plaintiffs and the Collective Action Members worked "double shifts";

g.    whether the methodology used by Defendants to pay Plaintiffs and the Collective Action Members complied with the requirements of the FLSA, NYLL and the Wage Theft Prevention Act;

h.    whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in violation of 29 C.F.R. § 516.4;

i.    whether Defendants failed to pay Collective Action Members minimum wages for hours worked and/or overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

j.      whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

k.      whether Defendants are liable for all damages claimed hereunder including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

l.      whether Defendants should be enjoined from such violations of the FLSA in the future.

26.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28.     Plaintiffs bring their New York Labor Law claims on behalf of all persons who were formerly employed by Defendants at the Hotel at any time for at least the period within six years of the date of the filing of this action to the entry of judgment in this case (the "Class Period"), and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them, spread of hours pay for hours worked a spread of ten or more hours in a day, as well as overtime wages in violation of the New York Labor Law and/or have not received the notices required by the New York Wage Prevention Act (the "Class").

29.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least 40 members of the Class during the Class Period.

30.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is

superior to other available methods for the fair and efficient adjudication of controversy, especially in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

31.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

32.    Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

33.    Questions of law and fact common to the members of the Class predominate over any questions solely affecting the individual members of the Class, including, but not limited to:

a.    whether Defendants employed the Class members within the meaning of the FLSA;

b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain accurate time records;

d.    whether Defendants had a policy whereby they failed to pay Plaintiffs and the Class for worked performed before and/or after they "clocked in";

e.    whether Defendants had a policy whereby they failed to properly pay Plaintiffs and the Class for performing services as Fire Safety Directors;

f.    whether Defendants had a policy whereby they failed to pay Plaintiffs and the Class the appropriate spread of hour wages for times when Plaintiffs and the Class worked "double shifts";

g.    whether the methodology used by Defendants to pay Plaintiffs and the Class complied with the requirements of the NYLL and the Wage Theft Prevention Act;

h.    whether Defendants failed and/or refused to pay the members of the Class, minimum wages and/or hourly wages for all hours worked by them, an extra hour of pay for each day on which members of the Class worked a spread of ten or more hours, as well as premium pay for hours worked in excess of forty hours per

8

workweek within the meaning of the New York Labor Law;

i.     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees;

j.     whether Defendants failed to provide the notices and wage statements as required by the New York Wage Theft Prevention Act; and

k.     whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

34.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### STATEMENT OF FACTS

35.     At all relevant times, Plaintiff worked for Defendants at the Hotel.

36.     Plaintiffs were engaged in commerce and/or in the production of goods for commerce.

37.     At all relevant times, a substantial part of Plaintiffs' work was related to interstate commerce.

38.     At all relevant times, Defendants operated an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

39.     At all relevant times, Defendants were engaged in commerce or in the production of goods for commerce.

40.     At all relevant times, Defendants had employees (a) engaged in commerce and/or in the production of goods for commerce and/or (b) who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

41.     At all relevant times, Defendants had an annual gross volume of sales or business of at least $500,000.00.

42.    Plaintiff Wu has worked at the Hotel in various roles since June 2016.

43.    Plaintiff R. Chen has worked at the Hotel in various roles since March 2013.

44.    Plaintiff S. Chen has worked at the Hotel in various roles since February 2013.

45.    Plaintiff Kun has worked at the Hotel in various roles since April 2011.

46.    Plaintiff G. Chan has worked at the Hotel in various roles since July 2013.

47.    Plaintiff B. Chan has worked at the Hotel in various roles since July 2009.

48.    Plaintiff S. Chan has worked at the Hotel in various roles since September 2011.

49.    During the time Plaintiffs were employed at the Hotel, Defendants regularly required their employees to work in excess of forty hours per week without paying them the proper minimum wage, overtime or spread of hours compensation.

50.    At all relevant times, Defendants maintained a policy and practice of not paying Plaintiffs and other employees the minimum hourly wages mandated by federal and state law.

51.    At all relevant times, Defendants maintained a policy and practice of requiring Plaintiffs and other employees at the Hotel to work in excess of forty hours per week without paying them the overtime compensation mandated by federal and state law.

52.    At all relevant times, Defendants maintained a policy and practice of requiring Plaintiffs and other employees at the Hotel to work a day in which their spread of hours exceeded ten hours without paying them the spread of hours compensation mandated by state law.

53.    At all relevant times, Defendants maintained a policy and practice of requiring its employees to serve as Fire Safety Director without paying them for this extra job duty and without paying them for the fact that as Fire Safety Director the employee would be on-duty 24/7.

54.     Defendants did not inform their employees of their right to minimum wages and their right to be paid time and one half the minimum wage rate for their hours worked over 40 hours in a week.

55.     Defendants failed to display posters and any other written notices at the Hotel addressing minimum wage, overtime and related pay practices required under federal and state law.

56.     During the time that Plaintiffs were employed at the Hotel, Defendants required Plaintiffs to work in excess of the time that they "clocked in," thus requiring Plaintiffs to work more hours than the hours that they supposedly worked.

57.     During the time Plaintiffs were employed at the Hotel, Defendants did not make any efforts to accurately track the hours worked.

58.     Defendants had a corporate policy or practice of minimizing labor costs through the avoidance of payment of proper wages to employees.

59.     Upon information and belief, Defendants' practice of not accurately documenting the work hours and/or pay of employees was designed to disguise and/or conceal (1) the actual number of hours worked by the employees, (2) the amount paid to the employees for minimum wage, overtime and spread of hours, and (3) Defendants' failure to comply with wage requirements mandated under federal and state law.

60.     Upon information and belief, Defendants' practice of not accurately documenting the work hours and/or pay of employees was designed to take advantage of the lack of education and/or sophistication of their employees, including Plaintiffs, with respect to federal and state wage laws.

61.     During the time Plaintiffs were employed at the Hotel, Defendants never provided

them with written notice in English and Chinese (their primary language) of the hours they worked or any of the other information required by NYLL § 195(1).

62.    During the time Plaintiffs were employed at the Hotel, Defendants never provided them with an accurate statement of wages they were entitled to or any of the information required by NYLL § 195(3).

63.    The manner in which Plaintiffs were paid did not comply with the law inasmuch as they were either paid in cash or checks without any paystub attached.

64.    Defendants also failed to properly withhold taxes from their employees and improperly treated certain employees as independent contractors.

65.    During the relevant time period, there were multiple other employees who did work similar to Plaintiffs.

66.    During the relevant time period, these other employees of Defendants worked more than 40 hours a week for Defendants, but were not paid time and one half for the hours worked over forty.

67.    During the relevant time period, these other employees were not paid wages for all hours worked, were not paid minimum wages for all their hours worked and were not paid for all hours worked.

68.    During the relevant time period, these other employees worked a spread of ten hours or more per day and have not been paid an extra hour of pay for days for which they worked a spread of at least ten hours.

69.    During the relevant time period, Plaintiffs and the other employees were not specifically notified by Defendants of the regular pay designated by Defendants, Defendants' name, address and principal place of business and telephone number and the specific rate of pay

as required by the New York Wage Theft Prevention Act.

70.     During the relevant time period, Plaintiffs and other employees were not given any specific notice of this information to sign and have not signed any such notice.

71.     Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b).   The named Plaintiffs' written consents are attached hereto and incorporated by reference.

## AS AND FOR A FIRST CAUSE OF ACTION (FLSA – Minimum Wage Violations)

72.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

73.     At all relevant times, Defendants were Plaintiffs' employer within the meaning of the FLSA.

74.     At all relevant times, Plaintiffs were employees engaged in commerce and/or an employees engaged in the production of goods for commerce.

75.     At all relevant times, Plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce.

76.     At all relevant times, the Hotel was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

77.     At all relevant times, the Hotel had employees (a) engaged in commerce or the production of goods for commerce and/or (b) who handled or otherwise worked on goods or materials moved in or produced for commerce.

78.     At all relevant times, Defendants had an annual gross volume of sales or business of at least $500,000.00.

79.     Defendants have failed to compensate Plaintiffs at the applicable hourly minimum

wage for all hours worked, in violation of 29 U.S.C. § 206(a).

80.    Defendants' failure to pay Plaintiffs the required minimum wage was willful under 29 U.S.C. § 255(a).    Defendants knew and/or showed reckless disregard as to whether their conduct was illegal.    Defendants failed to take any steps to determine the dictates of the FLSA, NYLL and/or the legality of their practices and thereafter act to comply with same. Defendants had no good faith basis or reasonable grounds for believing that their failure to pay proper wages was in compliance with the law    Defendants' conduct was unlawful, intentional and willful and was carried out in bad faith.

81.    Due to these FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

82.    Due to these FLSA violations, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION (FLSA – Overtime Wage Violations)**

83.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

84.    Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, Defendants were required to pay Plaintiffs overtime compensation at a rate of one and a half times either their regular rate of pay or the minimum wage, whichever was higher, for each hour they worked at the Hotel, including time periods that they were on-call, in excess of forty hours in a workweek.

85.    Defendants failed to pay Plaintiffs any wages for overtime hours worked and therefore violated 29 U.S.C. § 207(a)(1) of the FLSA.

86.    Defendants' failure to pay Plaintiffs any overtime compensation was willful under 29 U.S.C. § 255(a).

87.    As a result, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

88.    Due to these FLSA violations, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION (NYLL – Minimum Wage Violations)

89.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

90.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

91.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of NYLL §§ 2, 190 and 651.

92.    Defendants failed to record, credit and compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, NYLL § 652 and all applicable regulations, including, but not limited to, 12 NYCRR § 146-1.2.

93.    This failure was willful under NYLL § 663.

94.    Due to these violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and required allowances and an amount equal to one hundred percent of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

95.    Due to these violations of the NYLL, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and required allowances and an amount equal to one hundred percent of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION (NYLL – Overtime Wage Violations)

96.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

97.    Pursuant to NYLL § 652 and 12 NYCRR § 146-1.4, Defendants were required to pay Plaintiffs overtime compensation at a rate of one and a half times either their regular rate of pay or the minimum wage, whichever was higher, for each hour they worked at the Hotel, including time periods that they were on-call, in excess of forty hours in a workweek.

98.    Defendants failed to pay Plaintiffs any wages for overtime hours worked and therefore violated NYLL § 652 and 12 NYCRR § 146-1.4.

99.    Defendants' failure to pay Plaintiffs any overtime compensation was willful.

100.    Due to these violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one hundred percent of their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

101.    Due to these violations of the NYLL, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one hundred percent of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION (Spread of Hours Violations)

102.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

103.    Under New York law, an employee is entitled to an extra hour of wages for any day when the employee's "spread of hours" exceeds ten hours.    Spread of hours is defined as the interval between the beginning and the end of the workday.    12 NYCRR § 146-1.6.

104.    Defendants regularly required Plaintiffs to work in excess of ten hours a day throughout their employment.

105.    Defendants did not provide the required additional compensation for any days during which the spread of hours worked by Plaintiffs exceeded ten hours.

106.    Defendants' violations of the NYLL was willful.

107.    Due to these violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the minimum wage rate for each day in which Plaintiffs had a spread of hours in excess of ten hours, liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

108.    Due to these violations of the NYLL, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the minimum wage rate for each day in which Plaintiffs had a spread of hours in excess of ten hours, liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

**AS AND FOR A SIXTH CAUSE OF ACTION (Notice and Recordkeeping Violations)**

109.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

110.    Pursuant to NYLL § 195(1), Defendants were required to provide Plaintiffs with written notice in English and Chinese (Plaintiffs' primary language) of their rate of pay, regular day pay and additional information.    This information was required to be provided prior to the start of their employment and on or before the first day of February for each subsequent year worked.

111.    Defendants failed to provide Plaintiffs with the information required by NYLL § 195(1).

112.    Pursuant to NYLL § 198(1-b), an employee that has not been provided with the notice required by NYLL § 195(1) may recover from a violating party fifty dollars for each workday that the violations continue up to a maximum of $5,000.00, together with costs and reasonable attorneys' fees.

113.    Defendants' violation of NYLL § 195(1) continued for well over 100 days after the start of Plaintiffs' employment with the Hotel.

114.    Defendants are therefore liable to each Plaintiff for violating NYLL § 195(1) in

18

the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in an amount to be determined at trial.

115. Defendants are liable to each Collective Action member and each member of the Class in the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in an amount to be determined at trial.

116. Under New York law, employers are required to provide employees with a statement of their wages, including but not limited to: the dates of work covered by that payment of wages; the employee's regular hourly rate of pay; the employee's overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked. NYLL § 195(3).

117. Defendants failed to provide Plaintiffs with the information required by NYLL § 195(3).

118. Pursuant to NYLL § 198(1-d), an employee that has not been provided with the notice required by NYLL § 195(3) may recover from a violating party two hundred and fifty dollars for each workday that the violations continue up to a maximum of $5,000.00, together with costs and reasonable attorneys' fees.

119. Defendants' violation of NYLL § 195(3) continued for well over 20 days after the time that Plaintiffs were supposed to be afforded with proper notice.

120. Defendants are therefore liable to each Plaintiff for violating NYLL § 195(3) in the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in an amount to be determined at trial.

121. Defendants are liable to each Collective Action member and each member of the Class in the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in

an amount to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION (Quantum Meruit)

122.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

123.    By working at the Hotel, Plaintiffs performed services in good faith for the benefit of Defendants, who undoubtedly accepted those services by allowing Plaintiffs to continue working at the Hotel for several years.

124.    In performing these services, Plaintiffs expected to be compensated for all the hours of hard work they invested for the benefit of Defendants.

125.    The reasonable value of Plaintiffs' services are – at a minimum – the amount that an employed person would be required to receive under the federal and state wage laws.

126.    The reasonable hourly wage for Plaintiffs' services is at least the hourly minimum wage required to be paid for regular and overtime hours during the time of the work performed under federal and state laws.

127.    Defendants are therefore liable to Plaintiffs in quantum meruit for the reasonable value of services they performed at the Hotel.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the relief requested as follows:

1.    Declaring Defendants' conduct to be in violation of Plaintiffs' rights under the FLSA and NYLL;

2.    Awarding Plaintiffs compensatory damages;

3.    Awarding Plaintiffs liquidated damages;

4.      Awarding Plaintiffs pre-judgment and post-judgment interest;

5.      Awarding Plaintiffs reasonable attorneys' fees, costs and expenses; and

6.      Awarding Plaintiffs such other and further relief that the Court deems just and proper.

Dated:    March ⌇ , 2018

                                 HOGAN & CASSELL, LLP
                                 Attorneys for Plaintiffs

                                 By: _____
                                     Michael Cassell
                                     500 North Broadway, Suite 153
                                     Jericho, New York 11753
                                     Tel.: (516) 942-4700
                                     Fax: (516) 942-4705
                                     mcassell@hogancassell.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct. Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: February 25, 2018

_____
Emily Wu

2½

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct. Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: February 28, 2018

_Rongqiang Chen_
Rongqiang Chen

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct. Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: February 2X, 2018

_____
Si Wei Chen

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct. Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated:  February 28, 2018

_Ben Kun Xu_
Xu Ben Kun

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct. Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: February ____, 2018


_George Chan_
George Chan

26

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants. Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct. Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: February 28, 2018

Benjamin Chan

27

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Flushing Regent Hotel, Flushing International Hotel, Inc., Queens Blossom Corp., 35 Avenue Management, Inc., Thomas Huang, Alice Huang, Henry Huang, Linh Huang, John Huang, Tiffany Huang, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct. Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: February 28, 2018

_____
Suet Man Chan

28